**IN THE COURT OF APPEALS OF IOWA**

No. 23-1955
Filed November 13, 2025

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**SEVEN L. DIVINE,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Johnson County, Jason A. Burns, Judge.

 A defendant appeals his convictions and sentences after pleading guilty to possession of ammunition as a domestic violence offender, domestic abuse assault, and first-degree harassment. **AFFIRMED.**

 Francis Hurley, Des Moines, for appellant.

 Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

 Considered without oral argument by Tabor, C.J., Greer, J., and Vogel, S.J.*

 *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**VOGEL, Senior Judge.**

Seven Divine appeals his convictions and sentences after pleading guilty to possession of ammunition as a domestic violence offender, domestic abuse assault, and first-degree harassment.[1]  Upon our review, we affirm.

## I.        Background Proceedings

Divine pled guilty to possession of ammunition as a domestic violence offender, in violation of Iowa Code section 724.26(2)(a) (2023), and domestic abuse assault, in violation of section 708.2A(3)(b).  In a separate case, Divine pled guilty to first-degree harassment,[2] in violation of section 708.7(2).  Following a combined sentencing hearing, the district court sentenced Divine to indeterminate terms of incarceration on each count, ordering his sentences in the first case to run concurrently with each other but consecutively to his sentence in the harassment case.  Along with the judgment and sentence, the court filed a notice of firearm prohibition pursuant to section 724.31A.[3]  Divine appeals.

## II.        Preliminary Concerns

Generally, a defendant must move in arrest of judgment to challenge a guilty plea before challenging it on appeal.  *See* Iowa R. Crim. P. 2.24(3)(a)(2); *State v. Hightower*, 8 N.W.3d 527, 535 (Iowa 2024).  Divine acknowledges he did not do

---

[1] Divine entered guilty pleas in two cases and was sentenced following a combined sentencing hearing.  He filed a notice of appeal in only the first case involving his possession-of-ammunition and domestic-abuse convictions; he did not file an appeal in the harassment case.

[2] The harassment charge stemmed from conduct that took place approximately six months after Divine's arrest in the first case.

[3] The Iowa Legislature repealed section 724.31A, effective July 1, 2025.  *See* 2025 Iowa Acts ch. 104, § 2.  But the prohibition here occurred in 2023, when section 724.31A was still in force.  *See Jackson v. Iowa Dist. Ct.*, No. 24-0321, 2025 WL 2658307, at *1 (Iowa Ct. App. Sept. 17, 2025).

so. However, the rule does not apply if the court does not adequately advise Divine during the plea proceedings that failing to challenge the plea by moving in arrest of judgment within the time limit will preclude his right to assert the challenge on appeal. *Hightower*, 8 N.W.3d at 535. According to Divine, "In the present case, the guilty plea form informs [him] that he must file the Motion if he wants to challenge his guilty plea, and it tells him when he must file, but it does not tell him that failure to file the Motion precludes his right to appeal."

Divine's written plea contained the following advisory:

> *Motion in Arrest of Judgment*: . . . . This is a motion which challenges the adequacy of the guilty plea. This Motion must be filed within 45 days after the plea or no later than 5 days prior to sentencing, whichever comes first. Failure to file this Motion bars me from challenging the plea *at a later time*.

(Emphasis added.) This language resembles the advisory contained in the written plea form in *Hightower*, where there was a significant time lapse between the entry of the plea and sentencing. *See id.* (stating "a proper advisory *must* advise the defendant that 'the failure to challenge the plea by filing the motion within the time provided prior to sentencing precludes a right to assert the challenge on appeal'" (quoting *State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016))).[4] And as in *Hightower*, Divine did not request nor receive immediate sentencing.[5] In any

---

[4] *See also State v. Jennings*, No. 24-0583, 2025 WL 52816, at *2 (Iowa Ct. App. Jan. 9, 2025) (observing a proper advisory must "expressly mention the effect on *appeal* of not filing a motion in arrest of judgment").

[5] *But see State v. Wetzel*, No. 24-0762, 2025 WL 1076859, at *2 (Iowa Ct. App. Apr. 9, 2025) (noting a defendant's failure to move in arrest of judgment could preclude appellate relief despite an insufficient advisory if the defendant requested and received immediate sentencing and received the sentence agreed to in the plea agreement); *State v. Evans*, No. 23-0558, 2024 WL 4039571, at *1 (Iowa Ct. App. Sept. 4, 2024) (same).

event, because we have good cause to address Divine's appeal of his discretionary sentence, *see State v. Damme*, 944 NW.2d 98, 105 (Iowa 2020), we have jurisdiction over the entire appeal, *see State v. Rutherford*, 997 N.W.2d 142, 146 (Iowa 2023).

## III. Challenge to Firearm Prohibition

In addition to his sentencing challenge, Divine claims that the firearm prohibition under Iowa Code section 724.26(2)(a) violates his constitutional right to bear arms.[6]  *See generally* 18 U.S.C. § 922(g)(9) ("It shall be unlawful for any person . . . who has been convicted in any court of a misdemeanor crime of domestic violence [to] possess . . . any firearm or ammunition."); Iowa Code § 724.26(2)(*a*) ("[A] person . . . who has been convicted of a misdemeanor crime of domestic violence under 18 U.S.C. § 922(g)(9) and who knowingly possesses, ships, transports, or receives a firearm, offensive weapon, or ammunition is guilty of a class 'D' felony.").  Divine acknowledges the United States Supreme Court has held that the firearm prohibition under 18 U.S.C. § 922(g)(9) for defendants convicted of misdemeanor crimes of domestic violence is not prohibited by the

---

[6] The State maintains that Divine did not preserve error on this issue by challenging the constitutionality of the firearms prohibition in district court.  "The failure to raise the constitutional challenge in district court does not, in itself, prevent us from considering it on appeal."  *State v. Kieffer*, 17 N.W.3d 651, 661 (Iowa 2025).  Here, because the express directive in Divine's no-contact order that he "must not possess . . . any firearms" and "must deliver any firearms . . . to the Johnson County Sheriff" was a condition of his judgment and sentence order, we can consider Divine's constitutional challenge to the prohibition in this direct appeal from his underlying convictions.  *See id.* at 663; *accord State v. Neuhaus*, No. 24-0121, 2025 WL 1823979, at *4 (Iowa Ct. App. July 2, 2025); *cf. State v. Downing*, No. 24-0908, 2025 WL 1824650, at *1–2 (Iowa Ct. App. July 2, 2025) (dismissing the defendant's appeal challenging the notice of firearm prohibition because it was not part of his sentence).

Second Amendment. *See United States v. Rahimi*, 602 U.S. 680, 698 (2024); *accord Kieffer*, 17 N.W.3d at 664. But he points out that "the Iowa Constitution can protect rights not guaranteed by the Federal Constitution," and he asks us to apply "a strict scrutiny analysis" and determine that section 724.26(2)(a) "cannot survive."

Our supreme court rejected a similar challenge in *Kieffer.* *See* 17 N.W.3d at 667. There, the court stated,

> To the extent Kieffer's state constitutional challenge turns on a consideration of 18 U.S.C. § 922(g)(9), the Supremacy Clause precludes us from considering whether that provision complies with article I, section 1A of the Iowa Constitution. In other words, even if we were to conclude that state law prohibiting Kieffer from possessing a firearm based on his convictions for domestic abuse assault violated article I, section 1A of the Iowa Constitution, Iowa Code section 724.26(3) required the firearm prohibition to be included in the no-contact order based, at least in part, on the federal prohibition contained in 18 U.S.C. § 922(g)(9). Thus, the firearm prohibition would remain in place based on the federal prohibition, which survives Kieffer's Second Amendment challenge . . . . Accordingly, regardless of the merits of Kieffer's state constitutional challenge, his article I, section 1A claim is not redressable by this court.

*Id.*[7] Following that reasoning, we conclude Divine's state constitutional claim is not redressable regardless of its merits.

## IV. Challenge to Sentence

Divine further claims the district court "relied on an impermissible factor in deciding to run the sentences consecutively." We review a district court's discretionary sentencing decisions for an abuse of discretion. *See State v. Gordon*, 998 N.W.2d 859, 862 (Iowa 2023). The district court's decision "to impose

---

[7] *See Neuhaus*, 2025 WL 1823979, at *4 (same).

a particular sentence within the statutory limits is cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "[O]ur task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 725.

At sentencing, Divine requested "some form of probation" and the State asked the court to impose consecutive prison terms.[8] At the outset of the hearing, the court told Divine:

> I'm not going to consider any uncharged or unproven conduct in determining what the appropriate sentence should be. The only things I will consider are the things I'm legally able to consider, including your personal characteristics, your prior criminal history, the nature and circumstances of the offense, and other relevant and admissible information.
> I am not going to consider any allegations that are either uncharged or unproven. I'm primarily concerned with the issues that you were—that you had pled guilty to in this case. And so if there are any references made to other charges or other allegations other than what you pled guilty to, I'm not going to consider that . . . .

After hearing the parties' positions and the victim impact statement, the court denied Divine's request for probation, stating:

> As I indicated, Mr. Divine, there were a lot of statements that were made today that I'm not considering. The things that I'm here to consider have to do with what you pled guilty to, including the Possession of Ammunition by a Prohibited Person charge, the Domestic Abuse charge that is a penalty-enhanced charge, and the Harassment in the First Degree charge. The Court will dismiss all other charges, including Count 1 in AGCR138953 and Count 2 in FECR136759. And if there are any related complaints other than those three charges, I will dismiss those as well.
> . . . .

---

[8] Specifically, the State requested the court sentence Divine to five- and two-year terms of imprisonment for his convictions in this case, to run concurrently; and a two-year term of imprisonment for his harassment conviction in the other case, to run consecutively with his sentences in this case.

Mr. Divine, so with that being said, the only thing I'm considering are the nature and circumstances of the offenses that you did, in fact, plead guilty to, your criminal history, and your personal circumstances. I have reviewed the Presentence Investigation Report. There's been no offering of any additions, corrections, or changes to it.

In FECR136759, on Count 1, the Possession of Ammunition by a Prohibited Person charge, a class "D" felony, the Court sentences you to an indeterminate term not to exceed five years in prison and fines you in the amount of $1025 under Count 1, and in Count 3, the Domestic Abuse, Penalty Enhanced, an aggravated misdemeanor, an indeterminate term not to exceed two years and a fine of $855.

In AGCR138953, on the sole charge of Harassment in the First Degree, an aggravated misdemeanor, the Court sentences you to an indeterminate term not to exceed two years and fines you in the amount of $855.

Mr. Divine, I am not suspending these sentences in this matter. I am remanding you to the custody of the Sheriff for your transport to the Iowa Medical and Classification Center at Oakdale. I am also informing you that you are entitled to what is called statutory good conduct time, work credits, and program credits. You may be eligible for release prior to the expiration of your sentence.

The reason for the Court's sentence today is, as I indicated, the nature and circumstances of the offenses that you pled guilty to, the personal characteristics of yourself. What I'm particularly concerned about is the fact that you had pending charges, and then there's a new charge that you received while you were awaiting resolution on the earlier charge, and that charge directly impacts the protected party in this case. And the fact that you pled guilty to Harassment in the First Degree, a very serious charge, that occurred after you were already charged with the other offenses, including the Domestic Assault charge, is particularly concerning to the Court.

Counts 1 and 3 in FECR136759 will run concurrently with one another, meaning the five-year sentence for the Possession of Ammunition and the Domestic Assault charge, those sentences will run concurrently to each other. The sentence in AGCR138953, the indeterminate two-year prison sentence, I am choosing to run consecutive to the sentences in FECR136759.

The reason for the consecutive sentences, Mr. Divine, is, as I indicated, it's a very serious charge involving the same victim, which occurred after you were already arrested and charged with the other charges, including the Domestic Assault charge. I feel that's a very aggravating circumstance in this case and, therefore, I feel a consecutive sentence is appropriate.

Divine argues, "The implication in the Court's stated reasoning is that some of the new charges to which [he] did not plead guilty were a factor in the District Court's decision to run the sentence in AGCR138953 consecutive to that in FECR136759." According to Divine, "[t]hat is an impermissible factor and the case should be remanded for resentencing."

Indeed, a court cannot consider unproven facts or unprosecuted offenses in fashioning a defendant's sentence. *State v. Schooley*, 13 N.W.3d 608, 616 (Iowa 2024). But we believe Divine mischaracterizes the court's statement. The court stated it was "particularly concerned" that Divine received a "new," "very serious charge"—i.e., the first-degree harassment charge that he ultimately pled guilty to—while he was already charged with other offenses against the same victim.[9]

And the court specifically stated it was not considering any additional charges other than "what [he] pled guilty to." When the district court disclaims reliance on an improper factor, we take the court at its word.[10] To show an abuse of discretion, Divine bears the burden of "affirmatively demonstrat[ing] that the sentencing court relied on an improper factor." *State v. Canady*, 4 N.W.3d 661, 675 (Iowa 2024). Divine has not sustained that burden here. Finding no abuse of discretion, we affirm.

**AFFIRMED.**

---

[9] *See State v. Bloomer*, No. 21-1782, 2023 WL 3089884, at *2 (Iowa Ct. App. Apr. 26, 2023) (considering the defendant's "poor conduct during pre-trial release, during which he was charged with additional offenses").

[10] *See State v. Davis*, No. 24-0837, 2025 WL 2803725, at *3 (Iowa Ct. App. Oct. 1, 2025).